ESTHER CIANCI and Another, Plaintiffs, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Kings County, May 24, 1937.

*Sweet & Sweet*, for the plaintiffs.

*Paul Windels, Corporation Counsel*, for the defendants.

HOOLEY, J. This is an action against the city of New York to recover damages for negligence.

At the end of plaintiffs' case the corporation counsel made a motion to dismiss the complaint on the ground that the notice required by section 1 of chapter 572 of the Laws of 1886 (as amd. by Laws of 1933, chap. 484) had not been served on the corporation counsel of the city of New York. The motion was granted. Plaintiffs' counsel now moves on the minutes that the dismissal be vacated and a new trial granted.

Chapter 572 of the Laws of 1886 provided that an action for personal injuries against a city of over 50,000 inhabitants should be brought within a year after the cause of action accrued, and provided further that notice of intention to sue should be *filed* with the counsel to the corporation or other proper law officer within six months after the cause of action accrued.

Chapter 484 of the Laws of 1933, in addition to extending the section so as to include school districts and boards of education coterminus with such city, changed the rule with respect to the notice of intention to sue so as to provide that the same should be *served* " in like manner as the service of a summons in the Supreme Court," upon the corporation counsel or other proper law officer, and, further, that an additional copy of such notice of intention to sue should be served on the comptroller, in the case of a city, both services to be made within six months from the date of the accrual of the action.

Hence, under the section as amended, notice was required to be served on two separate city officials. In the section prior to the amendment it was required only that notice be filed with the corporation counsel. It must be understood, of course, that this is all in addition to the requirements of the city charter, which are not under discussion here.

The clear provisions of the statute cannot be lightly disregarded. The court is of the opinion that the purpose of the change was to end the doctrine of substantial compliance which had been built up by the cases construing the section prior to the amendment of 1933. There can be no substantial personal service of a summons, and hence, in this type of case, there can be no substantial service of the notice of intention to sue. Either it is served in compliance with the statute or it is not. The only cases cited by plaintiffs' attorney are cases construing the section before the amendment of 1933. Motion denied.