In the Matter of HETTY MERKLE et al., Petitioners, against COUNTY OF NASSAU, Respondent.

Supreme Court, Special Term, Nassau County, February 28, 1950.

*William B. Hoffman* for petitioners.

*Marcus Christ, County Attorney* (*J. Oakey McKnight* of counsel), for respondent.

HOOLEY, J.  This is a motion for an order adjudicating that the service of a notice of claim upon the County of Nassau was due and timely.  The injuries for which claimant seeks to file a claim were received on November 26, 1949.  The notice was served personally upon the deputy county clerk of the county on January 25, 1950, the last day of the sixty-day period.  Within two days thereafter, the notice of claim was turned over to the County Attorney.  On February 1, 1950, petitioner served an additional copy of the notice of claim upon the County Attorney.

Subdivision 3 of section 50-e of the General Municipal Law provides as follows: '' The notice shall be served on the party against whom the claim is made by delivering the notice, or a copy thereof, personally, or by registered mail, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered.''

The Civil Practice Act (§ 228, subd. 3) provides as follows with respect to service of a summons upon a county: '' 3. If the action be against a county, to the chairman or clerk of the board of supervisors, the county clerk, or the county treasurer; and in addition thereto a copy thereof must be served either personally or by registered mail upon the county attorney, if the county has a county attorney, and otherwise upon the clerk of the board of supervisors of the county.''

Section 11–4.0 of the Nassau County Administrative Code, as last amended by chapter 187 of the Laws of 1947, provides for the manner of service of a summons on the County of Nassau as follows: '' 11–4.0 *Actions and proceedings.* All process and papers for the commencement of actions and legal proceedings against the county of Nassau or any agency, commission, department or bureau thereof, shall be served either upon the county executive or the county attorney, and all actions or proceedings wherein the county of Nassau or any agency, commission, department or bureau thereof is a party shall be brought and maintained in the county of Nassau.''

It is not necessary to decide whether the provisions of the Administrative Code supersede the provisions of the Civil Practice Act. Even the provisions of the Civil Practice Act provide that in addition to service upon the County Clerk, service shall be made personally or by registered mail upon the County Attorney of the county where such county has a County Attorney. The County of Nassau is a county having a County Attorney. Furthermore, the service was made on the deputy county clerk and not the County Clerk which was in further violation of the Civil Practice Act.

This service was not in accordance with law, either under the Civil Practice Act, the General Municipal Law or the Administrative Code of Nassau County. The court has no discretionary power under section 50-e of the General Municipal Law to grant the order sought in this proceeding. The power of the court is limited to permitting service of a claim where the claimant is so mentally or physically disabled that the claimant could not serve a claim or have one served on her

562

behalf within the statutory period or where there is some irregularity or defect in the claim itself. Subdivision 6 of section 50-e of the General Municipal Law expressly deprives the court of any power to permit the service of a claim where it was not served in the manner provided by statute. Requirements with respect to filing notices of claim against a municipality must be strictly complied with. (*Cianci* v. *City of New York,* 163 Misc. 321; *Rudolph* v. *City of New York,* 191 Misc. 947; *Meadows* v. *Village of Mineola,* 190 Misc. 815; *Derlicks* v. *Leo,* 259 App. Div. 607, affd. 284 N. Y. 711.)

The court reluctantly denies the motion. But in so doing, it takes occasion to point out that many meritorious claims are constantly being defeated because of some error in the manner of service where the municipality has not been injured or prejudiced in any way.

There is a real field for the Legislature to promote the administration of justice by amendments to our present laws in regard to notice of claims against municipalities and the method of their service .