Joseph Avery et al., Plaintiffs, *v.* Wm. O'Dwyer et al., Individually and on Behalf of the City of New York, Defendants.

Supreme Court, Special Term, New York County, February 18, 1952.

*Denis M. Hurley, Corporation Counsel (John F. Kelly, James J. Thornton, John L. Radlein* and *John Suglia* of counsel), for defendants appearing specially.

*Herman Gottfried* for plaintiffs.

HOFSTADTER, J. The individual defendants, sued both individually and in their respective capacities as officials of the City of New York, move to vacate the service of the summons in this action upon them on the ground that no personal jurisdiction over them was acquired. The purported service on these individuals was made by leaving a copy of the summons and complaint with a clerk in the office of the corporation counsel of the City of New York, in charge of a room bearing a sign which stated in substance that papers were to be served there. One of the photographs on a companion motion reproduces a photograph of a sign reading " SUMMONS AND COMPLAINT vs. THE CITY OF NEW YORK PLEASE SERVE THE SUMMONS AND COMPLAINT ONLY AT THE OFFICE OF THE CORPORATION COUNSEL (THIS OFFICE) ". The clerk in charge requested the attorney making the service to wait until he called the chief clerk of the corporation counsel's office to the receiving desk; the chief clerk directed the clerk in charge to accept service. He did so and stamped on the cover of the original complaint

> " A COPY OF THE WITHIN PAPER HAS
> THIS DAY BEEN RECEIVED AT THE
> OFFICE OF THE CORPORATION COUNSEL
> DEC 21 1951
> DENIS M. HURLEY
> CORPORATION COUNSEL "

The foregoing attempted service cannot be sustained as valid personal service upon the individual defendants, either individually or officially, for the reason that no provision of law authorizes service upon them by delivery of the summons to the corporation counsel. Though the plaintiff argues that service on city officials is customarily made on the corporation counsel, in these instances the service is followed by a general appearance and jurisdiction is acquired by such appearance, rather than the service. Since the validity of the service is challenged in this case, the challenge must be upheld and the service on the individual defendants vacated.

There is at the same time before the court a motion by the plaintiff to correct the title in the summons and complaint to include the name of the City of New York inadvertently omitted from the title. The summons and complaint were stapled together and served at the same time. The summons names as defendants the individuals already mentioned, " individually & on behalf of the City of N. Y.", without separate designation of the official title of each of these individuals. In the title of the complaint, however, the official title of each is stated separately. The City of New York, as such, however, does not appear as defendant in the title of either the summons or the complaint.

The very first paragraph of the complaint alleges that the defendant, the City of New York, is a domestic municipal corporation. In another paragraph appear allegations of acts bearing on the cause of action imputed to " the defendant City of New York ". Another paragraph refers to a prior proceeding brought to enjoin " said defendant, the City of New York ". It is, moreover, alleged that more than thirty days have elapsed since the filing of the claim sued on and that the comptroller of the City of New York has refused to make an adjustment or payment thereof and that less than a year has elapsed since the accrual of the cause of action — allegations only appropriate and, indeed, required in a complaint against the City of New York. The plaintiff's affidavit also states that a hearing was held on the claim sued on after its filing with the comptroller.

The city opposes the amendment on two grounds: (1) that it was not properly served and (2) that the omission of its name from the title is a jurisdictional defect which cannot be cured by amendment.

The question of the validity of the service on the City of New York depends on other considerations than those applicable to the individual defendants. Section 228 of the Civil Practice Act provides that, if an action is brought against the City of New York, personal service of the summons must be made by delivering a copy within the State " to the mayor, comptroller or counsel to the corporation ". It is thus clear that service on the corporation counsel is expressly authorized by law and constitutes service on the city. Was there service on the corporation counsel in this case? I think there was unquestionably service on him. Service was made at the place and in the manner prescribed by him, presumably for his convenience and to enable him to administer his office in orderly fashion. To

treat such service as ineffectual because the summons was not handed to the corporation counsel himself would be inadmissible. The corporation counsel has set up a regular system and has invited litigants to abide by and rely on that system. To permit the corporation counsel at his whim to treat service made as directed by him as not being service on him would place the public at his mercy and lead to chaos. I therefore hold that the corporation counsel was served as required by section 228 of the Civil Practice Act. (See *Matter of Miller* v. *O'Connell*, N. Y. L. J., March 15, 1947, p. 1028, col. 2, EDER, J.)

In support of the motion to amend the title it is urged that the context of the complaint, served with the summons, shows a clear purpose to designate the City of New York as a defendant in the action. Though the city had knowledge of the claim through its presentation to the comptroller and the hearing on it, and though I am persuaded that the omission of the city's name from the title was a mere oversight, I feel constrained to deny the motion to amend the title. The summons is the process by which the court acquires jurisdiction over the defendant. Here, the city is not named as defendant in the title of either the summons or the complaint. The broad power of amendment conferred by section 105 of the Civil Practice Act is, of course, to be exercised liberally to prevent a miscarriage of justice through too rigid subservience to form. Nevertheless, under the guise of amendment basic jurisdictional requirements may not be wholly disregarded. That is, in my opinion, what the plaintiff seeks to attain by the proposed amendment. Though the plaintiff's plight may be unfortunate it cannot override the jurisdictional barrier. In the absence of authority — and none has been brought to the court's attention — the power to amend cannot be strained to that extent. The motion to amend the title is, therefore, denied. Settle order.