James D. Hopkins, J.
The defendant County of Westchester, appearing specially, moves to vacate the service of the summons in the action. It is asserted in the moving papers, and not controverted, that service was made on the County Attorney, and on an employee in the office of the Clerk of the Board of Supervisors. It is asserted in the opposing papers, and not controverted, that an admission of service was stamped on the summons by the employee.
Subdivision 3 of section 228 of the Civil Practice Act provides that the summons in an action against a county must be served on the County Attorney, and, in addition, on either the Chairman or Clerk of the Board of Supervisors, the County Clerk, or the County Treasurer. The service of the summons on an employee in the office of the Clerk of the Board of Supervisors did not comply with the statute (Chesney v. Board of Educ., 5 N Y 2d 1007; Munroe v. Booth, 305 N. Y. 426; Matter of Merkle v. County of Nassau, 197 Misc. 560), unless by some action of the Clerk service on an employee in her office was directed by her and recognized as valid (Avery v. O’Dwyer, 201 Misc. 989, mod. on other grounds 280 App. Div. 766, affd. 305 N. Y. 658). In the last-cited case the court held service good on the Corporation Counsel of the City of New York, when the summons was left with a clerk in the office of the Corporation Counsel, pursuant to a sign in the office directing that service of process was to be made at that place.
In this case, however, it does not appear that the Clerk of the Board of Supervisors had directed service of process to be made on the employee, or had authorized the employee to accept service. No more is asserted than that a stamp admitting service was placed on the summons by the employee. The gratuitous and unilateral act of the employee can scarcely bind the Clerk or the county. This is not a case, either, of a Deputy Clerk receiving service in the absence of the Clerk (cf. Gandolfo v. Village of Ossining, 4 A D 2d 762).
Doubtless, the granting of the county’s motion seems an unnecessary hardship, stressing technicalities rather than the realities of the situation, since there is no claim that the county authorities did not receive the summons from the employee. On this question it may be observed that the rigor of the statutory requirements in the instance of service of notices of claim has been somewhat abated under similar circumstances (General Municipal Law, § 50-c, subds. 3, 6). As Mr. Justice Hooley remarked in Matter of Merkle v. County of Nassau (197 Misc. 560, 562, supra) “many meritorious claims are constantly being defeated because of some error in the manner *503 of service where the municipality has not been injured or prejudiced in any way. ’ ’
That is a matter of concern for the Legislature, and not for the court, which must enforce the law as it reads (cf. Munroe v. Booth, 305 N. Y. 426, 428, supra). The motion is, accordingly, granted.