■ MICHAEL CAGLIOTI, an Infant, by ANTHONY CAGLIOTI, His Father and Natural Guardian, et al., Respondents, v MEDI-CAB, INC., OF NEW YORK, et al., Appellants.—Order, Supreme Court, New York County, entered on December 18, 1975, unanimously affirmed. Respondents shall recover of appellants $40 costs and disbursements of this appeal. On February 7, 1975, a pretrial conference was held before Mr. Justice Spiegel in this personal injury action to recover damages by the infant plaintiff and by his father as his natural guardian. Present were plaintiffs' and defendants' attorneys and the injured plaintiff's mother. The court recommended a $25,000 settlement which defendants offered. The mother consented to the offer and a record

was made of the proposed settlement in the sum of $25,000. Thereafter plaintiffs advised the defendants and Justice Spiegel that they would not consent to the settlement and they wished to proceed to trial. Defendants thereupon moved before Mr. Justice Spiegel for an order directing the execution of a general release or, in the alternative, for the appointment of a temporary guardian for the purpose of executing the release and consummating the settlement. Justice Spiegel did not rule on this application. The case having been returned to the Trial Calendar, he referred the motion to I. C. Part II. In denying the motion, Justice Amsterdam held that the defendants had no authority to petition for the appointment of a guardian and that defendants failed to demonstrate any authority or compelling facts to force the infant plaintiff or his guardian to accept the settlement, since they had not consented thereto. It was further observed that settlement recommendations of the court at pretrial are advisory only and not binding on the parties. We note also that there has been a failure to comply with the requirements of CPLR 1208 outlining the settlement procedure designed to protect the infant's rights. The infant was 16 years of age when the pretrial conference was held. He is now an adult, having reached the age of 18 on February 17, 1976. He is the party most vitally interested in the outcome of this lawsuit and, while strictly speaking his consent may not have been required, his wishes should be considered, and especially so, since he is described by appellants in their brief as "a very intelligent boy" and an excellent student. Apparently Justice Spiegel did not feel that the case had been disposed of since he refused to rule on the motion to enforce the settlement and instead referred it to the Calendar Justice, as the matter had been restored to the Trial Calendar. Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.