■ LEO FARRARO, an Infant, by MAZIE FERRARO, His Mother and Natural Guardian, et al., Respondents, v LORETTA STRIPEKIS, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Queens County, entered February 28, 1977, which, *inter alia,* granted plaintiffs' motion to vacate a settlement and restore the case to the Trial Calendar. Order affirmed, with $50 costs and disbursements. Concededly, both the infant plaintiff's mother and the infant himself were present when the stipulation of settlement was placed on the record in open court. In addition, the infant, who was 10 years old at the time, told the court that he felt "fine", and was able to "run around all right now". However, the record also indicates that, as a result of the accident, the child suffered serious physical injuries in the hip and leg area, that his father had been unable to attend the pretrial conference leading to the settlement, and that the mother reluctantly accepted the $25,000 offer on behalf of the infant. Furthermore, it should also be noted that although, at the time the stipulation was reached, Special Term stated that it wanted "a medical affidavit of recent examination submitted together with other papers", there was a failure to comply with the requirements of CPLR 1208, which outlines the settlement procedures designed to protect an

infant's rights (cf. *Caglioti v Medi-Cab, Inc., of N. Y.,* 52 AD2d 544, 545). Thus, in view of the fact that there has been no change of status in this instance, and by reason of the particular facts involved, we believe the decision of Special Term in vacating the stipulation of settlement was a proper exercise of its discretion in the furtherance of justice (cf. *Bruder v Schwartz,* 260 App Div 1048). Mollen, P. J., Titone, Rabin and Margett, JJ., concur.