In the Matter of the CAB TRANSPORTATION CORP., Respondent, v NEW YORK CITY TAXI & LIMOUSINE COMMISSION, Appellant.

First Department, June 26, 1979

## APPEARANCES OF COUNSEL

*L. Kevin Sheridan* of counsel *(Joel A. Newman* with him on

the brief; *Allen G. Schwartz, Corporation Counsel),* for appellant.

*Gerald A. Rosenberg* of counsel *(Rosenman, Colin, Freund, Lewis & Cohen,* attorneys), for respondent.

### OPINION OF THE COURT

MURPHY, P. J.

Petitioner, Cab Transportation Corp., submitted an application to respondent, New York City Taxi & Limousine Commission, for permission to transfer its 45 taxi medallions to 22 newly organized corporations. Upon the authority of subdivision a of section 2311 of the Administrative Code of the City of New York, the respondent denied this application because the petitioner did not obtain a "tort letter" from its insurer. The "tort letter" was requested to substantiate the fact that there were no negligence claims existing against the petitioner in excess of its covered insurance. The "tort letter" was not forthcoming from the insurer since the damages sought in a pending personal injury action against the petitioner exceeded its liability coverage.

The present dispute centers upon the proper interpretation to be accorded subdivision a of section 2311 of the Administrative Code, which reads as follows: "§ 2311. Transferability of taxicab licenses issued prior to the effective date of this chapter.—a. Any taxicab license first issued prior to the effective date hereof, and in force on such effective date, and any renewals thereof, shall be transferable to a transferee who has demonstrated to the satisfaction of the commission that he is qualified to assume the duties and obligations of a taxicab owner, provided that either the applicant or his vendor or transferor shall have filed a bond to cover all the outstanding tort liabilities of the vendor or transferor in excess of the amount covered by a bond or insurance policy which is in effect pursuant to the vehicle and traffic laws of the state of New York." In particular, the respondent would not approve the transfer of these medallions unless the petitioner filed "a bond to cover all outstanding tort liabilities." The respondent interpreted the word "liabilities" to encompass both absolute obligations and the face amount of any pending claims. The petitioner on the other hand, limited the meaning of that word to absolute or fixed obligations. (See, generally, 53 CJS, Liability, pp 16-21.) The court at Special

Term, in granting the petition annulling the commission's determination, adopted the petitioner's view in this dispute.

■ ■ We find that the correct construction of the subject statute lies at a point between the competing contentions of the parties. It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld. *(Matter of Howard v Wyman,* 28 NY2d 434, 438.) The word "liabilities" has a number of different meanings; the particular significance it has in each instance must be gathered from the context in which it appears (53 CJS, Liability, p 17). In this context, we find the respondent's reading of the word "liabilities" to be both irrational and unreasonable. The aim of subdivision a of section 2311 is to insure that a transferor has sufficient insurance and security to cover absolute obligations and claims it may reasonably be expected to pay. Assuming truthful disclosure by the petitioner and thorough investigation by the respondent, no problem should arise with regard to the ascertainment of absolute obligations for purposes of setting the amount of the bond under subdivision a of section 2311. Hence, that matter need not be explored in this decision.

However, recognition must be taken of the fact that the amount sought as damages in negligence actions often exceeds the true value of the claim. Therefore, it would be palpably unfair to construe the word "liabilities" as automatically covering the face amount of all contingent obligations. The respondent has the duty and the power to require the transferor to remain financially responsible (New York City Charter, § 2303, subd 7). Thus, the respondent should gather such information as is necessary to make an informed determination as to those amounts a transferor may reasonably be expected to pay upon contingent obligations.

We also disagree with the petitioner's highly restricted construction of the word "liabilities" that would limit the definition to absolute obligations. Petitioner's narrow construction ignores the real possibility that a transferor may eventually be held responsible on contingent obligations. The public policy underlying subdivision a of section 2311 mandates that a reasonable amount of security be set aside for contingent obligations.

In sum, we find that the word "liabilities" covers absolute obligations plus those amounts a transferor may reasonably be

expected to pay upon contingent obligations. This matter must now be remanded to the respondent for a hearing to set the reasonable amount of the bond required by subdivision a of section 2311.

For the foregoing reasons, the judgment of the Supreme Court, New York County (NADEL, J.), entered March 3, 1978, which granted the petition directing respondent to approve the transfer of the 45 medallions, should be modified, on the law, to the extent of remanding this matter to respondent for a hearing to fix the reasonable amount of a bond petitioner must post as a condition to the grant of approval of the transfer. The judgment should otherwise be affirmed, without costs and disbursements.

KUPFERMAN, J. (dissenting in part). The majority opinion presents a rational analysis with respect to the interpretation of the Administrative Code as applied to the transfer of taxicab licenses, with which I would concur were it not for an additional factor.

The petitioner has given a satisfactory explanation for its desire to transfer its medallions and has offered, in compliance with the need to provide coverage for any outstanding tort liabilities, to maintain all of the transferred assets as security, so that for all practical purposes there would be no change in the coverage, just as if there had not been a transfer. Under such circumstances, not only is the respondent's reading of the word "liabilities" unreasonable, the requirement of a bond is also unreasonable.

LANE, MARKEWICH and LYNCH, JJ., concur with MURPHY, P. J.; KUPFERMAN, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on March 3, 1978, modified, on the law, to the extent of remanding the matter to respondent for a hearing to fix the reasonable amount of bond petitioner must post as a condition to the grant of approval of the transfer, and the judgment is otherwise affirmed, without costs and without disbursements.