■ HUGH WYATT et al., Appellants, v COUNTY OF PUTNAM et al., Respondents. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (1) an order of the Supreme Court, Putnam County, entered December 6, 1978, which (a) granted that branch of a motion by the defendants as sought summary

judgment dismissing the complaint against the County of Putnam, and (b) denied, with leave to renew, that branch of the motion as sought the same relief on behalf of the Putnam County Highway Department; and (2) an order of the same court, entered April 24, 1979, which (a) denied plaintiffs' motion for leave to reargue the prior order and (b) granted the Putnam County Highway Department's cross motion for summary judgment dismissing the remainder of the complaint. Appeal from so much of the order entered April 24, 1979, as denied reargument dismissed, without costs or disbursements. No appeal lies from an order denying reargument *(Friello v Black & Decker Mfg. Co.,* 16 AD2d 792; *Matter of Grinnell Corp. [American Dist. Tel. Co.],* 32 AD2d 901). Order otherwise affirmed, without costs or disbursements. Appeal from so much of the order entered December 6, 1978 as denied, with leave to renew, that branch of defendants' motion which sought summary judgment dismissing the complaint as to the Putnam County Highway Department, dismissed as academic, without costs or disbursements. That part of the order was superseded by the order entered April 24, 1979. Order entered December 6, 1978 otherwise reversed insofar as it is in favor of defendant County of Putnam, without costs or disbursements, and matter remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith. Plaintiffs' motion papers submitted in opposition to defendants' motion for summary judgment were sufficient to create issues of fact as to (1) whether plaintiffs served a copy of their summons and complaint on one Monique O'Drisko on or about October 27, 1975, within the period prescribed by section 50-i of the General Municipal Law, and (2) whether Monique O'Drisko was authorized by the County Clerk of Putnam County or by any other appropriate person or body to accept such service upon the county's behalf (see CPLR 311, subd 4; *Avery v O'Dwyer,* 201 Misc 989, mod on other grounds 280 App Div 766, affd 305 NY 658; *Fillyow v County of Westchester,* 33 Misc 2d 501). Special Term's grant of summary judgment to the county without a hearing was therefore improvident. Accordingly, we remit this matter to Special Term with directions to reconsider that branch of the motion which sought to dismiss the complaint as to the county, after holding a hearing on the above-enumerated issues. Special Term did correctly grant summary judgment to the Putnam County Highway Department. We find no support, and plaintffs have cited none, for the proposition that the highway department may be sued at law separate and independent from its status as an agency of Putnam County (cf. *Tom Sawyer Motor Ins v Chemung County Sewer Dist. No. 1,* 33 AD2d 720). Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur.