■ SOLACK ESTATES, INC., Appellant, v MORTIMER GOODMAN, Respondent.—Order of the Appellate Term, entered October 16, 1979, affirming the judgment of the Civil Court, New York County, entered March 19, 1979, ordering vacatur of a warrant of eviction, setting aside a stipulation of settlement, and granting final judgment of possession in favor of the respondent, affirmed, without costs. The Civil Court was justified in vacating the stipulation of settlement in which the tenant acknowledged the legality of her eviction from certain premises and agreed to a full settlement of all her claims against the petitioner landlord and its agent in connection with the eviction in consideration of the payment of a certain sum of money. The day after the stipulation of settlement, tenant moved to vacate it by order to show cause. The following hearing, as well as the trial court's observations of the tenant at the time of settlement, amply support the conclusion that

the elderly tenant, in a state of extreme emotional distress, lacked a basic understanding of the situation confronting her and the significance of the settlement. The Civil Court was further justified in vacating the previously granted warrant of eviction, issued on default while tenant was on vacation in Florida, and in restoring tenant to possession of premises she occupied for many years. It is clear that the tenant timely mailed her rental checks from Florida to the address to which she had been accustomed for many years to send the checks. Unknown to her, there had been a change in managing agents. It appears that two of her rental checks were not received by the new managing agent which directed counsel to commence the eviction proceedings that resulted in the warrant of eviction. Under the circumstances, the Civil Court was correct in vacating the warrant of eviction and restoring the tenant to her apartment. On the other hand, the record fails to support the Civil Court's determination that the eviction proceedings, and the subsequent settlement negotiations, were characterized by fraud and perjury on the part of petitioner landlord and its counsel and we disapprove those findings. We, of course, do not intimate any view as to the facts that may be developed in the separate action for damages commenced by the tenant against petitioner and its counsel. Concur—Fein, J. P., Sandler, Sullivan, Bloom and Carro, JJ. [102 Misc 2d 504.]