(April 18, 1989)

■ JEFFREY LAING et al., Appellants, v HOWARD BUSHIN et al., Respondents.—Order of the Supreme Court, New York County (Andrew Tyler, J.), entered on or about January 22, 1988, is unanimously reversed, on the law, without costs, the motion for summary judgment is denied, the complaint reinstated and the matter is remanded for further proceedings.

The plaintiff and his wife retained the defendants as their attorneys to bring a personal injury action against the owners and operators of a taxicab which struck the plaintiff, causing extensive personal injuries. The action was commenced and eventually settled for $100,000, which was the maximum amount payable under the insurance policy issued to the owners of the taxicab.

Despite this settlement, plaintiff now brings this action against his attorneys alleging legal malpractice. Plaintiff's contention is that the recovery would have been greater had his attorneys timely notified the New York City Taxi and Limousine Commission (TLC) of the pendency of plaintiff's personal injury action, since such notification would have prevented the unrestricted sale of the taxi medallions. The defendant attorneys did not notify TLC until on or about March 5, 1984, the date of the notification letter. It is claimed that no investigation of plaintiff's claim was undertaken because the insurer sent a letter to the TLC stating that no claim was pending in excess of the policy limit of $100,000.

The IAS court granted defendant attorneys' motion for summary judgment, finding that the settlement of the underlying action, as well as an action against the insurer for fraud in rendering a purportedly false statement in obtaining the unrestricted transfer of the taxi medallions, was a bar to the maintenance of this malpractice action. Further, the IAS court held that section 2311 of the Administrative Code of the

City of New York (now § 19-512) places no obligation on the attorneys to notify the TLC of pending personal injury actions.

We are persuaded that summary judgment was not appropriate. The settlement of the underlying actions is not a bar to maintenance of this action *(Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy,* 45 NY2d 730, *affg* 59 AD2d 551 *on concurring mem of Suozzi, J.).*

Nor do we find dispositive the absence of any statutory authority placing any obligation on the attorneys to notify the TLC. When personal injury actions are pending, with ad damnum clauses which may or may not be realistic, the TLC is required to undertake an investigation before permitting the unrestricted transfer of taxi medallions. *(Matter of Cab Transp. Corp. v New York City Taxi & Limousine Commn.,* 68 AD2d 604.) Given the close proximity in time between the notice and the sale of the medallions, we find that questions of fact exist as to whether or not timely notice of the underlying action was given to the TLC. We further find that questions of fact exist as to whether notice, had it been given timely, would have alerted the TLC to conduct an investigation and thus have prevented the unrestricted sale of the medallion. We similarly believe that questions of fact exist as to whether the defendants properly advised the plaintiffs to discontinue the action for fraud pending against the insurer for the defendants in the underlying action. Concur—Murphy, P. J., Kupferman, Carro, Ellerin and Wallach, JJ.