■ CANDY R. FLETCHER, Individually and as Parent and Natural Guardian of TINA M. RIVERS et al., Infants, Appellants, v LIVINGSTON HATCH, Respondent. [602 NYS2d 718] —Casey, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered April 20, 1992 in Clinton County, which granted defendant's motion for partial summary judgment dismissing certain causes of action in the complaint.

Underlying this appeal is plaintiff's action for legal malpractice, negligence, breach of contract and misrepresentation against her prior attorney, whom she had retained to prosecute a personal injury action on her behalf and on behalf of her two infant children. The personal injury action accrued in November 1977 on premises owned by plaintiff's then-landlord, George Shepard, when a stove owned by Shepard fell on plaintiff's son, Kenneth, causing him injury. Plaintiff alleges that she was also injured when she attempted to lift the stove off of Kenneth, resulting in an injury to her daughter, Tina, with whom she was pregnant at the time. On behalf of

plaintiff and her two children, defendant commenced suit against the landlord. Subsequently, the personal injury action of Kenneth was settled and discontinued for $2,000 and the claim of Tina was discontinued without any payment. The settlement and discontinuances were approved by order of the Supreme Court (Viscardi, J.) on or about December 1, 1980.

In the present action, plaintiff claims that defendant improperly represented her and her two children in their action against Shepard which resulted in an inadequate settlement of Kenneth's claim and an improper discontinuance of Tina's claim. After joinder of issue, defendant moved for summary judgment as to the sixth, seventh, eighth, ninth, tenth and eleventh causes of action as these claims relate to Kenneth and Tina. The basis of defendant's motion seems to be that the action against defendant is premature and not ripe for resolution because no damage is ascertainable until a motion for rescission of the settlement, which is required to be made before Justice Viscardi, has been denied. It is defendant's position that if the motion for rescission is granted, plaintiff's action against the landlord can still be prosecuted inasmuch as the Statute of Limitations has not yet expired as to both infants' claims.

Agreeing with defendant's contentions, Supreme Court granted defendant's motion for summary judgment in its entirety, dismissing plaintiff's sixth, seventh and eighth causes of action as they relate to Tina, and the ninth, tenth and eleventh causes of action as they relate to Kenneth. We disagree and reverse the order appealed from and reinstate all the causes of action that were dismissed by Supreme Court.

Initially, it is noted that according to the specific provisions of CPLR 1207, a court-approved infant's settlement has the effect of a judgment. As such, it can only be set aside on substantive grounds such as fraud, duress or mistake *(Perone v Nicklas,* 99 AD2d 484, 486, *lv dismissed* 63 NY2d 610, 64 NY2d 646), and there is no indication here that the landlord was guilty of any such conduct.

Although a court-approved settlement of an infant's action is a complete bar to a subsequent action by the infant against the same defendant *(Frehe v Schildwachter,* 289 NY 250, 253), the settlement herein does not bar the infant's subsequent action against the attorney who represented them in the prior action *(see, Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730, *affg on concurring mem below* 59 AD2d 551; *Laing v Bushin,* 149 AD2d 351, 352). The infants

seek to recover from defendant the increased damages which they allege could have been recovered in the prior action against the landlord but were denied by defendant's conduct. We conclude that the infants are not required to seek rescission of the settlement and prosecution of the action against the landlord before proceeding with this action against defendant (see, Slotkin v Citizens Cas. Co., 614 F2d 301, 311-313, cert denied 449 US 981). Supreme Court's order granting summary judgment to defendant should, therefore, be reversed.

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.