■ In the Matter of STONINGTON MANAGEMENT CORPORATION, Appellant, v LAWRENCE J. FURTSCH, Respondent. [748 NYS2d 258] —Orders, Supreme Court, New York County (Robert Lippmann, J.), entered February 27, 2002, which, to the extent appealed from, denied the petition to modify or vacate the arbitration award, and confirmed the award, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 15, 2001, unanimously dismissed as academic, without costs.

Vacatur of an arbitrator's award is statutorily limited to occasions involving fraud, corruption or bias—factors not present here—or occasions when the arbitrator exceeded his or her power, or so imperfectly executed it that a final and definite award was not made (*see* CPLR 7511 [b]; *Local 375 v New York City Health & Hosps. Corp.*, 257 AD2d 530, 532). Absent a statutory basis, vacatur is unauthorized (*see Matter of Sims v Siegelson*, 246 AD2d 374, 377). Here, the arbitrators' finding that the written agreements between petitioner and respondent did not give petitioner ownership of an Internet business developed by respondent was supported by the evidence. Petitioner, in seeking vacatur of the award, thus failed to meet its burden to demonstrate that the award was irrational, or in violation of public policy or otherwise in excess of the arbitrators' powers (*see Matter of Travelers Ins. Co. v Job*, 239 AD2d 289, 293). Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.