Nosa Edionwe, Jr., et al., Appellants, v Delwar Hussain, Doing Business as Del Associates, Respondent. Robert Trop, Nonparty Respondent. [777 NYS2d 520]—

Motion by the respondent for leave to reargue an appeal from an order of the Supreme Court, Kings County, dated September 4, 2001, which was determined by decision and order of this

Court dated October 6, 2003 (*see Edionwe v Hussain,* 309 AD2d 730 [2003]), for clarification of the decision and order of this Court, or in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the branches of the motion which are for clarification and for leave to appeal to the Court of Appeals are denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue the appeal is granted to the extent that the decision and order of this Court dated October 6, 2003, is recalled and vacated, and the following decision and order is substituted therefor, and that branch of the motion is otherwise denied:

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from stated portions of an order of the Supreme Court, Kings County (Jones, J.), dated September 4, 2001, which, inter alia, granted the motion of the plaintiffs' outgoing attorney to enforce a settlement, to appoint a guardian ad litem to effectuate it, and for an award of an attorney's fee, which motion was opposed by the plaintiffs, and granted the defendant's cross motion to enforce the settlement.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, the motion is denied, the cross motion is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith, including the appointment of a guardian ad litem to represent the infant plaintiff in this matter.

In September 1998 the infant plaintiff, Nosa Edionwe, Jr., allegedly sustained a grave injury to his left eye from an exposed radiator stem while in a building owned by the defendant. The infant plaintiff's father, Nosa Edionwe, Sr. (hereinafter Edionwe), as natural guardian of the infant and individually, commenced this action to recover damages for, inter alia, personal injuries. In June 2000, on the eve of trial, then-counsel for the plaintiff, Robert Trop, agreed to a settlement offer of $1,000,000, which was the full amount of the primary policy insuring the defendant. However, Edionwe refused to sign the necessary documents to effect a compromise of the infant plaintiff's claim. Consequently, Trop moved to compel the enforcement of the settlement, to appoint a guardian ad litem to effectuate it, and to set his attorney's fee in the amount of one third of the settlement in accordance with his retainer agreement. The defendant cross-moved to compel enforcement of the settlement. The Supreme Court, finding that Trop was

clothed with apparent authority to enter into a settlement, inter alia, directed enforcement of the settlement, appointed a guardian ad litem for the limited purpose of effecting it, and set an attorney's fee for Trop in the amount of one third of the settlement. We reverse the order insofar as appealed from and remit the matter to the Supreme Court, Kings County, for further proceedings in accordance herewith.

As a threshold issue, the plaintiffs argue that they never agreed to the settlement and, therefore, Trop lacked actual authority to settle the action. However, the Supreme Court properly found that Trop was clothed with apparent authority to enter into the settlement, and that the plaintiffs may be bound thereby (*see Hallock v State of New York*, 64 NY2d 224 [1984]; *Matter of Brooks v Brooks*, 255 AD2d 382 [1998]; *Arvelo v Multi Trucking*, 194 AD2d 758 [1993]).

However, this does not mean that the Supreme Court properly directed enforcement of the settlement. The claim of an infant may not be compromised without the approval of the court pursuant to CPLR 1207 and 1208 (*see generally Valdimer v Mount Vernon Hebrew Camps*, 9 NY2d 21 [1961]; *Tudorov v Collazo*, 215 AD2d 750 [1995]; *Caglioti v Medi-Cab, Inc. of N.Y.*, 52 AD2d 544 [1976]; *Candiloro v City of New York*, 26 AD2d 693 [1966]). This was not done here (*see Shao v Fugazy Express*, 177 AD2d 422 [1991]). The motion to settle the case was not made by the infant plaintiff's guardian, Edionwe (*see* CPLR 1207), and was not supported by affidavits from Edionwe, as guardian, and counsel setting forth the required information (*see* CPLR 1208 [a], [b]). Further, no medical or hospital reports were offered (*see* CPLR 1208 [c]), there was no hearing (*see* CPLR 1208 [d]), and the Supreme Court did not purport to approve the settlement after scrutinizing it to assure that it was fair and reasonable and in the infant plaintiff's best interests (*see Valdimer v Mount Vernon Hebrew Camps, supra*; CPLR 1207). Moreover, none of the relevant information is otherwise discernible from the record (*cf. Perone v Nicklas*, 99 AD2d 484 [1984]). For example, there is no evidence of the nature and extent of the damages sustained by the infant plaintiff and his present physical condition, or the terms and proposed distribution of an approved settlement which takes into account any need for immediate medical treatment and its attendant costs (*see* CPLR 1208 [a] [4], [5]). To the contrary, Edionwe opposed the settlement, and submitted an affidavit in which he denied that the amount of the proposed settlement was adequate or that he had ever agreed to it (*see Fasano v City of New York*, 22 AD2d 799 [1964]). Similarly, counsel for the plaintiffs did not explain his reasons

for recommending the settlement or set forth the services he rendered (*see* CPLR 1208 [b] [1], [3]). Indeed, it does not appear that the infant plaintiff's best interests are being protected. Outgoing counsel is seeking to enforce a settlement contrary to the wishes of his former clients, and incoming counsel has not challenged the denial of his request for the litigation files in this matter and has left the plaintiffs to prosecute this appeal pro se. Further, although the record indicates that timely medical treatment is needed to assure the proper formation and growth of the infant plaintiff's face, there is no evidence that such treatment has been rendered or scheduled in the almost five years that this case has been pending, or that there has been any precise inquiry into the type, timing, and cost of the medical treatment that will be required. In addition, there is no evidence of any diligent inquiry into the availability of additional insurance or assets against which the infant plaintiff might collect, or concerns about liability if the case is tried. Consequently, the matter is remitted to the Supreme Court, King County, for a hearing so that these and any other relevant issues may be addressed and the proper course determined. Given the circumstances, the appointment of a new guardian ad litem to represent the infant plaintiff is warranted (*cf. Stahl v Rhee*, 220 AD2d 39 [1996]). Ritter, J.P., H. Miller, S. Miller and Goldstein, JJ., concur.