■ ARLEE BOGGIN, Respondent, v ANNA M. WILSON et al., Appellants, et al., Defendant. [789 NYS2d 168]—

In an action to recover damages for personal injuries, the defendants Anna M. Wilson and Sheryln J. Stewart appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated April 28, 2003, as, in denying the motion of the plaintiff's attorney, George Bassias, to confirm the arbitration award, sua sponte, vacated the arbitration award and restored the action to the trial calendar.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal from that portion of the order which, sua sponte, vacated the arbitration award and restored the action to the trial calendar, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that portion of the order which, sua sponte, vacated the arbitration award and restored the action to the trial calendar is vacated, and the arbitration award, subject to the $30,000 cap, is reinstated, but unconfirmed.

The plaintiff, Arlee Boggin, allegedly sustained serious injuries as a result of an automobile accident when he was a passenger in an automobile driven by his wife, the defendant Evelyn Flowers. The automobile was struck by an automobile owned by the defendant Anna Wilson and driven by the defendant Sheryln Stewart when Flowers attempted an illegal U-turn. As both automobiles were reportedly insured by GEICO, the only issue in controversy was the amount of the plaintiff's dam-

ages. That issue was submitted to arbitration, allegedly subject to a so-called "high/low" agreement which limited damages to a high of $30,000 and a low of $5,000. The arbitrator, who was aware of the high/low agreement but not of the dollar amount limitations, determined that the plaintiff sustained damages of $200,000, subject to the limits of the high/low agreement. As thus limited, the plaintiff would receive $30,000, less counsel fees and disbursements. According to the plaintiff's attorney, George Bassias, the plaintiff repudiated the high/low agreement and stated that he was entitled to the entire $200,000 award, unencumbered by the high/low agreement. According to the plaintiff, he never was advised of or agreed to the high/low agreement.

Despite his awareness of his client's position, Bassias moved to confirm the award, disparaging his client's "grossly unethical and unfair" opposition. Bassias candidly acknowledged that he was doing so to collect his fee. The plaintiff, represented by new counsel and now joined by his defendant wife, opposed the motion to confirm the award, and averred that he never agreed to the high/low limits; the plaintiff did not cross-move for any relief. The Supreme Court conducted a brief hearing, at which the plaintiff offered contradictory testimony about his awareness of the terms of the high/low agreement. The Supreme Court denied Bassias's motion to confirm the $30,000 award as capped by the high/low agreement, and, sua sponte, vacated the arbitration award altogether "in the interest of justice" and restored the action to the trial calendar for a plenary determination. Wilson and Stewart appeal. We reverse.

The Supreme Court erred in, sua sponte, vacating the $30,000 arbitration award. CPLR 7511 (b) sets forth the exclusive grounds for vacating an arbitration award (see *Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154 [1995]; *State of New York v Philip Morris Inc.*, 308 AD2d 57, 69 [2003]; *Matter of New York State Nurses Assn. [Nyack Hosp.]*, 258 AD2d 303 [1999]; *Materia v Josephthal & Co.*, 133 AD2d 146 [1987]). Generally, an arbitration award may only be vacated upon a motion by a party seeking this relief (see CPLR 7511 [b]; *State of New York v Philip Morris Inc.*, supra at 68). Indeed, the burden of proof that an award has been imperfectly rendered or is the result of fraud, or is subject to vacatur on any other ground enumerated within CPLR 7511 (b), rests upon the party moving to vacate (see *Matter of Stonington Mgt. Corp. v Furtsch*, 298 AD2d 247 [2002]; *Matter of Rothman v RE/MAX of N.Y.*, 274 AD2d 520 [2000]; *Matter of Magazine Distribs. v Volmar Distribs.*, 260 AD2d 385 [1999]; *American Tr. Ins. Co. v Ebrahim*, 236 AD2d 274 [1997]).

In this case, no party to the arbitration moved to vacate the arbitration award. The only motion before the Supreme Court was Bassias's motion to confirm the award. The Supreme Court correctly denied Bassias's self-interest-driven motion to confirm the award over the plaintiff's opposition (*see Edionwe v Hussain*, 309 AD2d 730 [2003]). However, by, sua sponte, vacating the award, the Supreme Court unfairly sacrificed the rights of the appellants, whose liability was limited by the award, without affording them notice and an opportunity to be heard on the issue.

Accordingly, we reverse the order insofar as appealed from and vacate that portion of the order which, sua sponte, vacated the arbitration award and restored the action to the trial calendar, and reinstate the arbitration award, subject to the $30,000 cap, but unconfirmed. The parties, if they be so advised, may move for whatever relief they desire, to be determined on notice, and pursuant to accepted adversarial procedures. Adams, J.P., S. Miller, Ritter and Goldstein, JJ., concur.