■ BRUCE E. LILLING, Respondent, v SYRACUSE BROTHERS DEVELOPMENT CORP. et al., Appellants.—In an action, inter alia, to recover damages for breach of contract, defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Cerrato, J.), entered April 10, 1984, as denied those branches of their motion which were to strike certain of plaintiff's interrogatories and to limit discovery demands.

Order modified by granting that branch of defendants' motion which was to strike certain interrogatories to the extent of striking interrogatories nos. 4, 48, 51 and 55 from "Plaintiff's First Set of Interrogatories" and by granting that branch of defendants' motion which was for a protective order limiting plaintiff's "Demand for Documents" to the extent of striking demand no. 4 therein. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

In this action, plaintiff seeks damages for defects in a house that defendants had designed for him, constructed and then sold to him. After joinder of issue, plaintiff served, inter alia, a set of interrogatories, containing 55 items, and a demand for documents, containing 19 requests. Thereafter, defendants sought to strike certain of the interrogatories (CPLR 3133) and to obtain a protective order limiting the document demand (CPLR 3103). Special Term denied the requested relief, and this appeal followed.

Of the interrogatories objected to, we find all to be material and necessary in the prosecution of this action (CPLR 3101; Allen v Crowell-Collier Pub. Co., 21 NY2d 403), with the exception of item no. 4 (summarize the basis of the parties' contract), items nos. 48 and 49 (set forth nature of warranties between parties), item no. 51 (existence of warranties in subcontractor contracts) and item no. 55 (list all evidence and names and addresses of witnesses to prove work done in workmanlike fashion). Specifically, interrogatories nos. 4, 48 and 49 are unnecessary in prosecution of the action, since the written contract between the parties, modifiable only by ex-

press written agreement, contains the requested information and defendants' opinions and interpretations are not germane *(cf. Vancek v International Dynetics Corp.,* 78 AD2d 842). Nor would information as to warranties between defendants and subcontractors, if any, as requested by interrogatory no. 51, have any bearing on defendants' liability to plaintiff. Moreover, interrogatory no. 55, as stated, seeks material prepared for litigation, which is exempt from discovery *(see,* CPLR 3101 [d]; *Foremost Ins. Co. v 3 Grace Ave.,* 58 AD2d 590; *Workman v Boylan Buick,* 36 AD2d 978). With regard to the requests for document production objected to at nisi prius, we find all items to be material and specified with reasonable particularity (CPLR 3120; *Agricultural & Indus. Corp. v Chemical Bank,* 94 AD2d 671), except item no. 4 (copies of any and all bills rendered to plaintiff regarding any work performed on or at the premises), which is overly broad and burdensome. In any event, plaintiff should have copies of those bills. Mangano, J. P., Bracken, O'Connor and Weinstein, JJ., concur.