■ CHRISTINA LYON, Appellant, v FLOYD LYON, Respondent. [619 NYS2d 300] —In an action for, *inter alia,* specific performance of a settlement agreement, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated June 3, 1992, as granted that branch of the defendant's motion for summary judgment on his counterclaims which were to direct the plaintiff to execute utility easements and to approve a subdivision plan, and denied her cross motion for an order granting her leave to respond to the defendant's notice to admit.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, the Supreme Court properly granted the defendant partial summary judgment, directing the plaintiff to execute utility easements, and to approve a revised subdivision plan, drafted in June 1990, in order to facilitate his development of that portion of the parties' property that was transferred to him as part of a settlement agreement in their divorce action.

The settlement agreement provided, *inter alia,* that the "parties agree to cooperate in signing whatever deeds and covenants may be necessary" to allow development of the defendant's parcel and the wife agreed to sign "whatever necessary documents there are" to convert the parcel into a "building plot". In support of his motion, the defendant submitted evidence that the proposed easements substantially complied with easements generally granted in favor of the utilities in question and that the revised subdivision plan met with the approval of, at the very least, the engineering firm employed by the Village of Old Brookville. In opposition, the plaintiff failed to submit sufficient documentation to raise an issue of fact supporting her refusal to execute the easements or approve of the revised subdivision plan as she agreed to do in the settlement agreement. Accordingly, the defendant was entitled to partial summary judgment as granted by the Supreme Court *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562).

We have examined the plaintiff's contention with respect to

the denial of her cross motion, and find that it is without merit for the reasons set forth by Justice Becker at the Supreme Court *(see,* CPLR 3123 [a]). Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.