◼ Christina Lyon, Appellant, v Floyd Lyon, Respondent. [686 NYS2d 476] —In an action, *inter alia,* for specific performance of a settlement agreement, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Franco, J.), entered November 19, 1997, as directed her to execute and deliver to the defendant, in the form attached to the judgment, an easement in her property allowing, *inter alia,* the defendant to construct, repair, and maintain a swale on her property.

Ordered that the judgment is modified, on the law, by (1) deleting therefrom the words "the attached" and substituting therefor the word "an", and (2) deleting the easement form attached to the judgment; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

In a prior appeal, we affirmed an order of the Supreme Court, Nassau County, dated June 3, 1992, which, *inter alia,* directed the plaintiff to execute easements and approve a revised subdivision plan for the purposes of developing former marital property in compliance with a stipulation of settlement and the judgment of divorce (*see, Lyon v Lyon,* 209 AD2d 592). The revised subdivision plan required the construction of a swale, or ditch, to alleviate flooding problems on the property. In an attempt to have the plaintiff cooperate in the implementation of that subdivision plan, the defendant moved pursuant to CPLR 3213 for partial summary judgment to compel the

plaintiff to allow workers onto her land for the limited time necessary to construct the swale. Under the doctrine of law of the case, the court properly granted the motion (*see, Martin v City of Cohoes,* 37 NY2d 162, 164; *People v Palumbo,* 79 AD2d 518, *affd* 53 NY2d 894). However, it was improper for the court to grant relief not requested in the motion, to wit, a permanent easement on the plaintiff's property for purposes of maintaining and repairing the swale as set forth in the easement attached to the judgment (*see,* CPLR 2214 [a]; *HCE Assocs. v 3000 Watermill Lane Realty Corp.,* 173 AD2d 774; *see also, Arriaga v Laub Co.,* 233 AD2d 244). Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.