■ Marck Sanchez et al., Appellants, v City of New York, Respondent. [834 NYS2d 186]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered March 1, 2006, which, in an action arising out of the execution of a search warrant at plaintiffs' home, denied plaintiffs' motion to vacate the settlement of the action insofar as made on behalf of the infant plaintiff, and to sever the remainder of the action brought on behalf of the other two plaintiffs, unanimously affirmed, without costs.

The record does not support the claim of infant plaintiff's guardian, who is also the infant's mother and a plaintiff herein, that she discovered the true extent of the infant's emotional

injuries only after the infant was examined by a social worker, in the summer of 2005. The examination was for purposes of preparing the infant's compromise order for the settlement that had been agreed to in open court in December 2004. The infant's psychological injuries, including the diagnosis of post-traumatic stress syndrome, were known from the outset of the case and appropriately considered by the court in determining that the settlement was adequate. Indeed, the social worker's July 2005 report, on which the infant primarily relies, notes that the infant was seen by Manhattan Mental Health Services on March 28, 2001 for psychiatric evaluation due to nightmares and frequent crying and was at that time diagnosed with post-traumatic stress disorder. Plaintiffs' notice of claim, dated April 24, 2001, and verified bill of particulars, dated January 16, 2002, also assert symptoms characteristic of an individual suffering from post-traumatic stress disorder. Accordingly, vacatur of the settlement reached in open court was properly denied even though the infant compromise order had yet to be signed (*see Perone v Nicklas*, 99 AD2d 484 [1984], *lv dismissed* 63 NY2d 610 [1984]). We have considered and rejected plaintiffs' other arguments. Concur—Friedman, J.P., Marlow, Sullivan, Sweeny and Catterson, JJ.