■ Maureen Cooper, Appellant-Respondent, v Chris Cooper, Respondent-Appellant. [923 NYS2d 596]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Kent, J.), dated October 20, 2009, which, inter alia, denied her motion for a money judgment in the sum of $64,983.24, representing arrears allegedly due pursuant to an order of the same court dated June 10, 2003, and (2) stated portions of an order of the same court dated December 15, 2009, which, among other things, denied that branch of her motion which was pursuant to CPLR 4404 (b) to set aside so much of the court's decision dated September 15, 2009, as found that the plaintiff was responsible for one-half of the federal tax liability of $1,371,744, incurred as a result of the defendant former husband's filing of amended income tax returns for the tax years 1999, 2000, 2001, 2002, and 2003, the defendant appeals, as limited by his brief, from stated portions of a judgment of the same court entered December 23, 2009, which, inter alia, after a nonjury trial, (a) awarded the plaintiff postdivorce maintenance in the sum of $5,000 per month for a period of four years, (b) failed to find the plaintiff responsible for one-half of the interest and penalties and New York State tax liability incurred as a result of his filing of amended income tax returns for the tax years 1999, 2000, 2001, 2002, and 2003, and (c) awarded the plaintiff interest of 9% per annum on installment payments of the plaintiff's distributive awards, and the plaintiff cross-appeals, as limited by her brief, from stated portions of the same judgment which, inter alia, (a) awarded her child support in the sum of only $1,192.31 per week, based upon a finding that the defendant's "CSSA income is $250,000 per year," (b) awarded her postdivorce maintenance in the sum of only $5,000 per month for a period of four years, (c), upon the order dated October 20, 2009, denied her application for an award of $64,983.24, representing arrears allegedly due pursuant to an order of the same court dated June 10, 2003, (d) determined that the value of the defendant's business for purposes of equitable distribution was $1,625,000, (e) determined that she was responsible for one-half of the federal tax liability of $1,371,744, incurred as a result of the defendant's filing of amended income tax returns for the tax years 1999, 2000, 2001, 2002, and 2003, (f) directed the defendant to maintain a

life insurance policy for the benefit of the plaintiff and the children in the value of only $500,000, (g) awarded her counsel fees in the sum of only $50,000, and (h) failed to award her additional expert fees.

Ordered that the appeals from the orders are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the orders are brought up for review and have been considered on the cross appeal from the judgment (see CPLR 5501 [a] [1]).

The parties were married on April 8, 1984, and have two children, born in 1989, and 1992, respectively. This action was commenced in March 2003.

Prior to trial, the plaintiff moved for an order of preclusion based upon the defendant's obstructive behavior during discovery. At oral argument of the preclusion motion, the Referee appointed to supervise discovery stated that since the defendant retained new counsel, Edwards and Edwards, "compliance has been absolute," and the plaintiff's attorney acknowledged that "most" of "the things [he] asked for" had been provided, although subsequent to the date set by the Referee and subsequent to "the acts of my office" in moving for preclusion. In an order dated February 1, 2008, the Supreme Court denied the motion on the ground that, after the defendant hired new counsel, he fully complied with discovery in response to the motion for an order of preclusion. That determination was a provident exercise of discretion (see Greene v Mullen, 70 AD3d 996, 997 [2010]; see generally Gibbs v St. Barnabas Hosp., 16 NY3d 74 [2010]).

The defendant is the founder and owner of Triangle Electronics Group, Inc. (hereinafter Triangle), which distributes electronic components. A primary issue at trial and on appeal is the equitable distribution of the defendant's 100% interest in Triangle, which the Supreme Court determined was worth $1,625,000 on the date of commencement of the action. In so doing, the Supreme Court credited the defendant's expert.

"The determination of the factfinder as to the value of a business, if within the range of the testimony presented, will be accorded deference on appeal if it rests primarily on the credibility of expert witnesses and their valuation techniques"

(*Wasserman v Wasserman*, 66 AD3d 880, 882 [2009]). The testimony of the defendant's expert, which was supported by competent evidence in the record and a written report admitted into evidence, was properly credited by the Supreme Court. The defendant's expert properly applied a lack of marketability discount of 25% to reflect the risk associated with the illiquidity of a close corporation whose shares cannot be freely traded (*see Matter of Seagroatt Floral Co. [Riccardi]*, 78 NY2d 439, 446 [1991]; *Matter of Friedman v Beway Realty Corp.*, 87 NY2d 161, 171 [1995]; *Matter of Cinque v Largo Enters. of Suffolk County*, 212 AD2d 608, 609-610 [1995]; *Kalisch v Kalisch*, 184 AD2d 751 [1992]; *Matter of Blake v Blake Agency*, 107 AD2d 139, 141 [1985]).

The Supreme Court properly determined that the plaintiff was responsible for one-half of the federal tax liability of $1,371,744 incurred when the defendant filed amended income tax returns for the tax years 1999, 2000, 2001, 2002, and 2003, but that she was not responsible for New York State tax liability, or any interest and penalties as a result of the filing of the amended tax returns. Since that tax liability was incurred during the marriage, the Supreme Court properly determined that the plaintiff was responsible for part of this liability (*see Poster v Poster*, 4 AD3d 145, 146 [2004]; *Capasso v Capasso*, 129 AD2d 267, 293 [1987]). The record established that the defendant was responsible for the delay in reporting the income declared on those amended returns and, therefore, was properly required to pay all interest and penalties. Further, under all of the circumstances of this case, including the fact that, with respect to New York State tax liability, the plaintiff was officially adjudicated an innocent spouse, the Supreme Court providently exercised its discretion in determining that the plaintiff was not responsible for any of the New York State tax liability.

The Supreme Court properly exercised its discretion in awarding the plaintiff postdivorce maintenance in the sum of $5,000 per month for a period of four years, based upon the parties' standard of living during the marriage, their income, and the plaintiff's distributive awards (*see Ciampa v Ciampa*, 47 AD3d 745, 747 [2008]). "The amount of maintenance to be awarded in a matrimonial action is a matter committed to the sound discretion of the trial court, and every case must be determined based on its own unique facts" (*Sevdinoglou v Sevdinoglou*, 40 AD3d 959, 959-960 [2007]). The amount of maintenance awarded to the plaintiff will ensure that her reasonable needs are met, while providing her with an incentive to become self-supporting (*see Ciampa v Ciampa*, 47 AD3d at 747). Further, the award of child support was proper (*id.* at 748).

The award of counsel fees, and the denial of additional expert fees, was a provident exercise of discretion, in light of the interim awards of counsel fees and expert fees, and the Supreme Court's conclusion that the fees demanded by the plaintiff's expert were excessive (*cf. Baron v Baron*, 71 AD3d 807, 810-811 [2010]; *see Grumet v Grumet*, 37 AD3d 534, 536-537 [2007]). Further, the award of interest at the statutory rate of 9% per annum (*see* CPLR 5004), on the plaintiff's distributive awards, should the defendant elect to pay those awards in installments over a period of five years, was a provident exercise of discretion (*see Baron v Baron*, 71 AD3d 807 [2010]).

The parties' remaining contentions are without merit. Skelos, J.P., Leventhal, Belen and Miller, JJ., concur.