In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeStefano, J.), dated March 18, 2013, which denied its motion for summary judgment on the complaint.
Ordered that the order is affirmed, with costs.
On a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (see Schaffe v SimmsParris, 82 AD3d 867 [2011]; Robinson v 206-16 Hollis Ave. Food Corp., 82 AD3d 735 [2011]). The movant must make a prima facie showing of entitlement to judgment as a *920 matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Once this showing is made, the burden shifts to the opposing party to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). “The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist” (Kolivas v Kirchoff, 14 AD3d 493, 493 [2005]).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting evidence of the existence of an oral contract, its performance thereunder, a breach by the defendants, and resulting damages (see Yellowbook, Inc. v Bonfiglio & Asterita, LLC, 110 AD3d 1060 [2013]). However, the defendants raised triable issues of fact as to the terms of the initial agreement and of an alleged second oral agreement, pursuant to which the plaintiff agreed to contribute the sum of $1 million into a “put” escrow, thereby risking that certain “put” options would be exercised and that it would receive only l/30th of the value of returned stock in lieu of that $1 million. Contrary to the plaintiff’s contention, the defendants are not precluded from asserting the existence of the alleged second oral agreement pursuant to the doctrines of law of the case or judicial estoppel (see Private Capital Group, LLC v Hosseinipour, 86 AD3d 554 [2011]; Brownrigg v New York City Hous. Auth., 29 AD3d 721 [2006]). The plaintiffs argument that the alleged second oral agreement is unenforceable by virtue of General Obligations Law § 5-1103 was improperly raised for the first time before the Supreme Court in reply and, therefore, not addressed by the Supreme Court (see Scotto v Kodsi, 102 AD3d 947 [2013]; Crummell v Avis Rent A Car Sys., Inc., 62 AD3d 825 [2009]). Under these circumstances, this Court will not consider that argument (see Scotto v Kodsi, 102 AD3d 947 [2013]).
Dillon, J.E, Balkin, Miller and Maltese, JJ., concur.