■ RELIABLE ENTERPRISES, INC., Appellant, v NAGORI CONTRACTING CORP. et al., Respondents. [994 NYS2d 361]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated June 19, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff was a subcontractor for a construction project at Stewart Airport in Newburgh. This action concerns a dispute over whether the plaintiff is due additional payments arising out of its work on the project. The parties dispute whether, among other things, the plaintiff was paid for all its work, which work was covered by the contract, which work was additional work not covered by the contract, the terms of the contract, and even which writing constitutes the contract. After extensive discovery, the defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted their motion.

In deciding a motion for summary judgment, the court's function is not to decide issues of fact, but to determine whether triable issues exist (*see Marcum, LLP v Silva*, 117 AD3d 919, 920 [2014]; *Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 193 [1995]). In performing this function, the court must view the evidence in the light most favorable to the nonmovant (*see Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014]; *Marcum, LLP v Silva*, 117 AD3d at 919; *Zinter Handling, Inc. v General Elec. Co.*, 101 AD3d 1333, 1338 [2012]). Here, the defendants' motion should have been denied because their own submissions revealed the existence of triable issues of fact as to the plaintiff's causes of action and, insofar as may be applicable to the cause of action to recover in quantum meruit, the defense of laches (*see Voss v Netherlands Ins. Co.*, 22 NY3d at 734; *cf. John Anthony Rubino & Co., CPA, P.C. v Schwartz*, 28 Misc 3d 1233[A], 2010 NY Slip Op 51585[U] [Sup Ct, NY County 2010], *affd* 84 AD3d 599 [2011]). The defendants' remaining contention is without merit. Accordingly, their motion should have been denied without regard to the sufficiency of the plaintiff's

opposition papers (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). Balkin, J.P., Leventhal, Chambers and Hinds-Radix, JJ., concur.