■ DEER PARK ASSOCIATES et al., Respondents, v TOWN OF BABYLON et al., Appellants, et al., Defendants. NOWAK FAMILY PARTNERSHIP et al., Respondents, v TOWN OF BABYLON et al., appellants. [993 NYS2d 761]—

In related actions, inter alia, for judgments declaring that a waste generation fee and a trash collection tax known as "RE014" and "CR000," respectively, are unlawful by virtue of Town Law § 198 and Town Code of the Town of Babylon § 133-5 and to recover the amount of these taxes and fees paid since tax year 1993/94, the defendants Town of Babylon, Town of Babylon Commercial Garbage District, Doug Jacob, as Solid Waste

Administrator of the Town of Babylon, Richard Schaeffer, as Supervisor of the Town of Babylon, Richard Schaeffer, Francine Brown, Patrick Haugen, Robert Kaufold, and Anthony Tafuri, who constitute the Town Board of the Town of Babylon, Carol Canning, as Receiver of Taxes of the Town of Babylon, and Doug Jacob, as the Controller of the Town of Babylon, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated December 4, 2012, as denied their motion pursuant to CPLR 3126 to dismiss the complaints insofar as asserted against them or, in effect, in the alternative, to compel the plaintiffs to comply with certain discovery orders, and sua sponte, determined that the plaintiffs established that they have standing to prosecute these actions.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, determined that the plaintiffs established that they have standing to prosecute these actions is deemed an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, sua sponte, determined that the plaintiffs established that they have standing to prosecute these actions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs commenced these actions for judgments declaring that a certain solid waste generation fee referred to as "RE014" (hereinafter the fee) and a trash collection tax referred to as "CR000" (hereinafter the tax) imposed by the defendant Town of Babylon were unlawful. The plaintiffs also sought to recover the amount of these taxes and fees that they allegedly had paid for tax year 1993/94 and for each subsequent tax year.

The appellants moved pursuant to CPLR 3126 to dismiss the complaints insofar as asserted against them on the ground that the plaintiffs failed to comply with certain discovery orders directing the production of documents pertaining to the plaintiffs' allegations of standing. The appellants alleged that the plaintiffs failed to provide "evidence" of each of the plaintiffs' ownership interests in the various parcels of real property at issue and "proof" that the plaintiffs had actually paid the disputed taxes and fees. The appellants also alleged that the plaintiffs failed to provide meaningful responses to certain interrogatories pertaining to the alleged unlawfulness of the tax and the fee, in violation of the discovery orders. In the alternative, the appellants, in effect, sought to compel the plaintiffs to comply with the discovery orders.

The Supreme Court denied the appellants' motion in its entirety, concluding that the plaintiffs had satisfied their discovery obligations by producing, among other things, deeds evincing each of the plaintiffs' ownership or interest in the subject parcels of real property. The court further, sua sponte, determined that the plaintiffs established that they have standing to prosecute these actions.

"After commencement of an action, any party may serve on any other party a notice . . . to produce and permit the party seeking discovery . . . to inspect, copy, test or photograph any designated documents or any things which are in the possession, custody or control of the party or person served" (CPLR 3120 [1] [i]). However, a party cannot be "compelled to produce records, documents, or information that were not in [its] possession, or did not exist" (*Gottfried v Maizel*, 68 AD3d 1060, 1061 [2009]).

If a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may make such orders with regard to the failure or refusal as are just" (CPLR 3126; *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc.*, 22 NY3d 877, 880 [2013]). "[T]he striking of a pleading may be an appropriate sanction where there is a clear showing that the failure to comply with discovery demands is willful or contumacious" (*Espinal v New York City Health & Hosps. Corp.*, 115 AD3d 641, 641 [2014]; *see* CPLR 3126 [3]).

Here, the appellants failed to demonstrate that the plaintiffs did not turn over materials that were in the plaintiffs' possession and responsive to the appellants' discovery requests, or that the plaintiffs' submissions in response to their discovery demands were otherwise inadequate (*see Cooper v Cooper*, 84 AD3d 854, 856 [2011]). Furthermore, contrary to the appellants' contention, the Supreme Court did not err in refusing to compel the plaintiffs to provide additional responses to the cited interrogatories since "[i]nterrogatories which call for opinions or conclusions of law, rather than relevant facts, should be stricken" (*Mijatovic v Noonan*, 172 AD2d 806, 806 [1991]; *see Lilling v Syracuse Bros. Dev. Corp.*, 114 AD2d 938, 938-939 [1985]). Accordingly, under the circumstances, the Supreme Court providently exercised its discretion in denying the appellants' motion in its entirety (*see Cooper v Cooper*, 84 AD3d at 856; *Gottfried v Maizel*, 68 AD3d at 1061).

However, the Supreme Court erred when it, sua sponte, determined that the plaintiffs established that they have standing to prosecute these actions. While it is true that, where stand-

ing is put into issue by a defendant, a plaintiff must prove its standing in order to be entitled to relief, a plaintiff need not sustain its burden of proving standing in response to a discovery request or in the context of discovery procedures (*cf. U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). Nor can the appellants' request for the production of documents pertaining to the plaintiffs' allegations of standing be construed as a motion to dismiss for lack of standing (*see* CPLR 3211 [a] [3]), or as a motion for summary judgment on that ground (*see* CPLR 3212). Since none of the parties moved for a determination of the issue of standing, the Supreme Court erred when it, sua sponte, determined that the plaintiffs established that they have standing to prosecute these actions (*see Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 766 [2014]; *see also McGuire v McGuire*, 29 AD3d 963 [2006]; *Fisher v Finnegan-Curtis*, 8 AD3d 527 [2004]; *Lyon v Lyon*, 259 AD2d 525 [1999]). Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.