■ Gene E. Smith, Respondent, v County of Nassau, Appellant. [30 NYS3d 143]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an

order of the Supreme Court, Nassau County (McCormack, J.), dated February 23, 2015, as granted the plaintiff's cross motion pursuant to CPLR 3126 to the extent of deeming the defendant to have received prior written notice of a certain defective condition, and deeming the defendant to have admitted the matter set forth in the plaintiff's notice to admit dated October 14, 2014.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the plaintiff's cross motion pursuant to CPLR 3126 is denied in its entirety.

On March 14, 2011, the plaintiff allegedly slipped, or tripped, and fell on "a cracked, broken and otherwise defective step [that] shifted while he was attempting to descend a rear exterior staircase" at a certain building in Mineola. He commenced this action against the owner of the building, the County of Nassau, to recover damages for his injuries.

This appeal arises from a discovery dispute. The plaintiff's counsel obtained a copy of a "customer request summary report," bearing the number 1473, which referred to "broken" steps and improper lighting "in the back of" the subject building. This document appears to have been generated by a computer program known as the Asset Inventory Management (hereinafter AIM) system, which the County used for tracking building maintenance requests and repairs. However, the plaintiff's counsel did not clearly explain how he obtained the document.

During the course of pre-trial disclosure, the County produced for deposition a Deputy Superintendent of Buildings in the Department of Public Works and provided the last known address of a former County employee who may have received and recorded a complaint relating to the allegedly defective condition. The County also produced a "work order assignment report" referring to remedial actions taken by the County at the subject premises after the plaintiff's accident. However, notwithstanding a search of its computerized records, the County was unable to locate a work order or similar document corresponding to the customer request acquired by the plaintiff's counsel, i.e., request number 1473. The plaintiff served a notice to admit demanding the County to admit that it took "no remedial action in response to the conditions reported" in request number 1473.

Thereafter, the County moved to dismiss the complaint pursuant to CPLR 3216 (a). The plaintiff cross-moved for discovery sanctions pursuant to CPLR 3126, arguing that the

County did not produce any documentation related to request number 1473.

The Supreme Court denied the County's motion, and granted the plaintiff's cross motion to the extent that it "deemed [the County] to have received prior written notice of the defective condition, to wit: that the subject steps were broken and in disrepair and that there was a lack of lighting."

The Supreme Court further directed that, at trial, the County could not deny that it received prior written notice of any conditions referenced in customer request number 1473 that were related to the location of the accident. The County appeals. We reverse insofar as appealed from.

If a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may make such orders with regard to the failure or refusal as are just" (CPLR 3126; *see Deer Park Assoc. v Town of Babylon*, 121 AD3d 738, 740 [2014]). Although the "nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court" (*Lazar, Sanders, Thaler & Assoc., LLP v Lazar*, 131 AD3d 1133, 1133 [2015]; *see Ozeri v Ozeri*, 135 AD3d 838, 839 [2016]), the sanction imposed should be commensurate with the particular disobedience, if any.

Here, the Supreme Court improvidently exercised its discretion in concluding that the County failed to comply with its discovery obligations in a manner that was willful and contumacious. To the contrary, we find that the County substantially complied with its discovery obligations.

The plaintiff's position, which the Supreme Court adopted, is that the County deliberately failed to disclose materials related to customer request number 1473. However, the County produced an affidavit reciting that one of its employees searched for any records regarding remedial measures in response to that request but found "no such records." This employee also "conducted a search for any AIM documents regarding any complaints about the [subject] staircase [and] [n]o records were found." A party cannot be "compelled to produce records, documents, or information that were not in [its] possession, or did not exist" (*Gottfried v Maizel*, 68 AD3d 1060, 1061 [2009]; *see Deer Park Assoc. v Town of Babylon*, 121 AD3d 738, 740 [2014]). In this case, the record demonstrates that the County made a good faith effort to locate the subject documents, but was unable to do so. Contrary to the plaintiff's contention, there was no clear showing that the County's conduct in failing to produce the subject documents was willful

and contumacious (*see New York Timber, LLC v Seneca Cos.*, 133 AD3d 576 [2015]). Furthermore, although the sanctions imposed by the court ostensibly fell short of striking the County's answer, those sanctions would likely cause considerable prejudice to the County's defense of the action. Here, we note that certain provisions of the order appealed from presupposed that a defective condition actually existed at the location of the accident.

Additionally, the plaintiff's notice to admit called upon the County to admit a fact—the existence of actionable "conditions" at the site of the accident—as to which the plaintiff's attorney could not reasonably have "believe[d] there [could] be no substantial dispute at the trial" (CPLR 3123 [a]; *see e.g. 32nd Ave. LLC v Angelo Holding Corp.*, 134 AD3d 696 [2015]), and which improperly went "to the heart" of the matter at issue (*Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d 770, 772 [2011]; *see 126 Newton St., LLC v Allbrand Commercial Windows & Doors, Inc.*, 121 AD3d 651, 654 [2014]). Therefore, the County should not be bound by the notice to admit, even if it failed to properly respond to it.

Accordingly, the plaintiff's cross motion pursuant to CPLR 3126 should have been denied in its entirety. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.