■ Rose Giammona, Respondent, v 72 Mark Lane, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants. John Giammona, Third-Party Defendant-Respondent. [40 NYS3d 453]—

In an action to impose a constructive trust on certain real property, the defendants/third-party plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Nassau County (Brown, J.), entered June 16, 2014, which, inter alia, denied those branches of their motion which were to compel the plaintiff and the third-party defendant to comply with discovery demands or, in the alternative, to preclude them from offering certain proof at trial, and to disqualify Polizzotto & Polizzotto, LLC, from representing the plaintiff and the third-party defendant in the action, and granted that branch of the motion of the plaintiff and the third-party defendant which was for summary judgment on the cause of action to impose a constructive trust to the extent of granting the plaintiff a life estate in the subject property.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant/third-party plaintiff Gina Giammona, also known as Gina Franco (hereinafter Gina), and the third-party defendant, John Giammona (hereinafter John), are children of the plaintiff, Rose Giammona (hereinafter Rose). On May 6, 1997, as part of her estate planning, Rose executed a Qualified Personal Residence Trust instrument (hereinafter the trust

instrument), which provided that Rose would transfer her interest in real property located in Atlantic Beach to the newly created 1997 Giammona Atlantic Beach Residential Trust, while retaining the right to use and occupy the property as a personal residence. The trust instrument provided that the trust would terminate after five years and that, if the termination occurred during Rose's lifetime, the trust's assets would be transferred to Gina. On July 25, 1997, Rose executed a deed transferring the property to the 1997 Giammona Atlantic Beach Residential Trust, and on October 16, 2002, John, as trustee of the 1997 Giammona Atlantic Beach Residential Trust, executed a deed transferring the property to Gina. In 2010, Rose, who was still residing at the property, stopped paying the carrying charges. Thereafter, Gina transferred the property to 72 Mark Lane, LLC, an entity owned solely by her, and in 2012, 72 Mark Lane, LLC, served Rose with a 10-day notice to quit. Subsequently, Rose commenced the instant action against Gina and 72 Mark Lane, LLC (hereinafter together the appellants), to impose a constructive trust on the property. The appellants asserted several counterclaims and commenced a third-party action against John.

The Supreme Court providently exercised its discretion in denying that branch of the appellants' motion which was to compel Rose and John to comply with discovery demands or, in the alternative, to preclude them from offering certain proof at trial. The appellants failed to demonstrate that Rose and John did not turn over materials that were in their possession and responsive to the appellants' discovery requests, or that their submissions in response to the appellants' discovery demands were otherwise inadequate (see Deer Park Assoc. v Town of Babylon, 121 AD3d 738, 740 [2014]; Cooper v Cooper, 84 AD3d 854, 856 [2011]).

The Supreme Court providently exercised its discretion in denying that branch of the appellants' motion which was to disqualify Polizzotto & Polizzotto, LLC, from representing Rose and John in the action. " 'A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion' " (Matter of Nenninger v Kelly, 140 AD3d 961, 963 [2016], quoting Campolongo v Campolongo, 2 AD3d 476, 476 [2003]). Contrary to the appellants' contention, they failed to demonstrate that the testimony of the attorneys of Polizzotto & Polizzotto, LLC, was necessary to their case (see Cathedral Ct. Assoc., L.P. v Cathedral Props.

*Corp.*, 116 AD3d 649, 651 [2014]; *Magnus v Sklover*, 95 AD3d 837, 838 [2012]). Further, to the extent that Rose and John may have differing interests, the appellants failed to demonstrate that a reasonable attorney would not believe that he or she would be able to provide competent and diligent representation to each client (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7 [b] [1]; *Ferolito v Vultaggio*, 99 AD3d 19, 27-28 [2012]).

The Supreme Court properly granted that branch of Rose and John's motion which was for summary judgment on the cause of action to impose a constructive trust to the extent of granting Rose a life estate on the subject property. "Generally, a constructive trust may be imposed '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976], quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]). "In general, though as an equitable doctrine its application to particular circumstances is susceptible of some flexibility, to establish a constructive trust there must be provided: (1) a confidential or fiduciary relation, (2) a promise, express or implied, (3) a transfer made in reliance on that promise, and (4) unjust enrichment" (*Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939, 940 [1980]; *see Sharp v Kosmalski*, 40 NY2d at 121). Here, Rose and John established, prima facie, that all of these elements were present, and that the title of 72 Mark Lane, LLC, to the subject property should be subject to the right of Rose to remain there for life (*see Salerno v Salerno*, 241 AD2d 488, 488-489 [1997]). In opposition, the appellants failed to raise a triable issue of fact.

The appellants' remaining contentions are without merit. Chambers, J.P., Dickerson, Miller and Connolly, JJ., concur.