■ SKYLAR NATALIE UNGER, Respondent, v DENISE R. COYLE, as Executrix and Trustee under the Will of ALVIN BENJAMIN, Deceased, et al., Appellants, et al., Defendants. [40 NYS3d 491]—

In an action, inter alia, to vacate or reform a stipulation of settlement, the defendants Denise R. Coyle, as executrix of the estate of Alvin Benjamin and trustee under his last will and testament, and Deborah Coyle Benjamin appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), entered July 28, 2014, which denied their motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff is the granddaughter of the decedent (hereinafter the grandfather), who died in May 2012. She commenced this action to vacate or reform a stipulation of settlement made in a prior action against her grandfather, entered into when she was an infant, and to enforce certain provisions of a 1994 restated property settlement agreement (hereinafter 1994 settlement agreement) entered into by her grandparents (the grandfather and his first wife) in connection with their divorce in 1989.

In the 1994 settlement agreement, the grandfather agreed, among other things, to make and keep in effect a will bequeathing at least one third of his estate to his and his first wife's two children and/or their issue. The grandfather later negotiated with his daughter, the plaintiff's mother, to provide inter vivos transfers to satisfy his obligations under the 1994 settlement agreement, culminating in letters of understanding signed in 1996 and 1997, which provided for certain inter vivos payments and testamentary dispositions. The plaintiff's mother died in July 1997, and the grandfather stopped making pay-

ments. The prior action was instituted by the plaintiff's father, as administrator of the estate of the plaintiff's mother, to enforce the letters of understanding and for a declaration of rights under the 1994 settlement agreement. The plaintiff, then an infant, was joined as a party to that prior action and a guardian ad litem (hereinafter GAL) was appointed to represent her interests. On February 6, 2007, the parties placed a stipulation of settlement on the record (hereinafter the 2007 settlement), agreeing to settle the action for payments of $3 million to the estate of the plaintiff's mother and $4.25 million to the plaintiff. The parties released each other from any claims, and the plaintiff specifically waived any and all claims against the grandfather or his estate arising from the 1994 settlement agreement. The 2007 Settlement was approved by the Supreme Court, inasmuch as an infant was involved in the proceeding. The prior action was discontinued with prejudice.

In this action, the plaintiff seeks to vacate or reform the 2007 settlement for noncompliance with CPLR 1208 and as unconscionable, and to enforce the testamentary provisions of the 1994 settlement agreement. The plaintiff alleges that, at the time her GAL settled the prior action on her behalf, the GAL was mistaken as to the grandfather's net worth, which was significantly higher than believed, and that she was entitled to a sum of 10 times the amount agreed to in the 2007 settlement. The defendants, the executrix of the grandfather's estate and trustee under the grandfather's last will and testament, and the grandfather's second wife (hereinafter together the moving defendants), moved pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint based on documentary evidence, payment and release, and res judicata, arguing that the plaintiff's claims were properly settled and released in the prior action, and res judicata barred this action. The Supreme Court denied the motion, and the moving defendants appeal.

A stipulation of settlement withdrawing a cause of action with prejudice is entitled to preclusive effect under the doctrine of res judicata (see Matter of Chiantella v Vishnick, 84 AD3d 797, 798 [2011]; Liberty Assoc. v Etkin, 69 AD3d 681, 682 [2010]). However, a stipulation of settlement may be set aside on the grounds of fraud, collusion, mistake or accident, overreaching, or that its terms are unconscionable (see Gilbert v Gilbert, 291 AD2d 479, 480 [2002]; see also McCoy v Feinman, 99 NY2d 295, 302 [2002]; Matter of Davis, 133 AD3d 853, 853-854 [2015]). Moreover, the settlement of an infant's claim must be approved by the court as fair and reasonable and in the infant's best interests (see CPLR 1207, 1208; Valdimer v Mount

*Vernon Hebrew Camps*, 9 NY2d 21, 24 [1961]). CPLR 1208 requires that the infant's representative submit an affidavit that includes information, among other things, regarding "the nature and extent of the damages sustained by the infant" (CPLR 1208 [a] [4]). Generally, a settlement of an infant's claim cannot be binding absent compliance with CPLR 1208 (*see Kret v Gergely*, 47 NY2d 990, 991 [1979]; *Edionwe v Hussain*, 7 AD3d 751, 753 [2004]; *Shao v Fugazy Express*, 177 AD2d 422 [1991]; *Farraro v Stripekis*, 60 AD2d 861, 861-862 [1978]).

Here, it is undisputed that the plaintiff's GAL in the prior action did not submit an affidavit in compliance with CPLR 1208. In light of the lack of knowledge by the GAL, and thus the Supreme Court, regarding the grandfather's actual net worth, the moving defendants failed to establish that the court that approved the 2007 settlement possessed all of the relevant information required by CPLR 1208, such that noncompliance with the statute should be excused (*cf. Sanchez v City of New York*, 40 AD3d 276, 277 [2007]; *Perone v Nicklas*, 99 AD2d 484 [1984]). For the same reasons, the moving defendants failed to establish that the 2007 settlement was not unconscionable as to the plaintiff (*see David v #1 Mktg. Serv., Inc.*, 113 AD3d 810, 813 [2014]; *cf. Simar Holding Corp. v GSC*, 87 AD3d 688 [2011]; *see also Matter of Yaddow v Estate of Smith*, 130 AD2d 838, 839 [1987]). Accordingly, the Supreme Court properly denied the motion.

The moving defendants' argument that article XII of the 1994 settlement agreement is unenforceable under Florida law was improperly raised for the first time before the Supreme Court in reply and was not addressed by the Supreme Court, and thus, is not properly before this Court (*see Marcum, LLP v Silva*, 117 AD3d 919, 920 [2014]; *Scotto v Kodsi*, 102 AD3d 947, 949 [2013]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.