Lion Button Company, Appellant, 
against
Jachs NY, LLC, Respondent.




Meyers Saxon & Cole, Esqs., (Margaret J. Lesziewicz, Esq.), for appellant.
Hagan, Coury & Associates, (William J. Coury, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered October 23, 2015. The order denied plaintiff's motion to vacate a stipulation of settlement and to restore the action to the trial calendar.




ORDERED that the order is affirmed, without costs.
In this action to recover the principal sum of $5,579.20, based on an alleged contract to provide goods and services to defendant, defendant, by its then-attorney, Clyde M. Schaefer, Esq., served an answer in which it denied liability. On July 29, 2015, when the parties appeared in court, plaintiff was represented by attorney M. Omar Chaudhry, Esq., but defendant appeared by its managing member, nonattorney Boris Oeturk, because attorney Schaefer had died. The parties entered into a stipulation, which attorney Chaudhry signed for plaintiff and which Oeturk signed for defendant. Under the terms of the stipulation, defendant agreed to pay plaintiff $1,100 by a date certain in settlement of the action, failing which plaintiff would give defendant written notice of its default, whereupon defendant would have seven days to cure its default. In the event that defendant failed to cure its default, plaintiff would be entitled to enter judgment against defendant for the full amount demanded in the complaint, plus interest, costs and disbursements. Four days before the stipulated payment due date, plaintiff moved to vacate the stipulation of settlement and to restore the matter to the trial calendar, on the ground that defendant, which is a limited liability company, had not been represented by counsel when it had entered into the stipulation of settlement. Defendant, by its new attorney, opposed the motion. The Civil Court denied the motion, commenting that defendant's "de minimis breach" did not provide a basis for vacating the stipulation. The court further noted that, on the return date of the motion, defendant had tendered the settlement sum to plaintiff's counsel.
A limited liability company, once formed, is a legal entity distinct from its members, and accordingly may be represented in court only by an attorney, and not by one of its members who is not an attorney admitted to practice in the state of New York (see Michael Reilly Design, Inc. v [*2]Houraney, 40 AD3d 592, 593 [2007]; see also CPLR 321 [a]; cf. CCA 1809, 1809-A). Assuming without deciding that Oeturk, in his capacity as a nonattorney representative of defendant, lacked the authority even to settle the instant action in court, and that the stipulation of settlement was thus improperly made, a stipulation of settlement which is improperly made may nevertheless be ratified (see JRP Old Riverhead Ltd. v Town of Southampton, 73 AD3d 1130 [2010]). Here, defendant in effect ratified the stipulation when, appearing through counsel, it opposed plaintiff's motion to vacate the stipulation and, on the return date of the motion, tendered to plaintiff the settlement payment contemplated under the stipulation. 
We do not consider plaintiff's argument, made for the first time on appeal, that, under CPLR 321 (c), the action should automatically have been stayed following the death of defendant's attorney, and that the stipulation the parties entered into was therefore a nullity, since the purpose of CPLR 321 (c) is to protect a litigant who has been deprived of counsel through no fault of his own (see Moray v Koven & Krause, Esqs., 15 NY3d 384, 389 [2010]), and not to be used, after the fact, as a sword by a litigant which was not even potentially prejudiced by its adversary's lack of counsel. As plaintiff has otherwise failed to demonstrate any basis for vacating the stipulation, by showing that its terms were arrived at through fraud, collusion, mistake or accident, or overreaching, or that the terms of the stipulation were unconscionable (see Unger v Coyle, 144 AD3d 668, 669 [2016]), we conclude that the Civil Court properly denied plaintiff's motion.
Accordingly, the order is affirmed.
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: June 02, 2017