Lopez v Bell Sports, Inc. (2019 NY Slip Op 06764)





Lopez v Bell Sports, Inc.


2019 NY Slip Op 06764


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-08660
 (Index No. 502465/14)

[*1]Cynthia Immaculada Lopez, appellant,
v
Bell Sports, Inc., et al., defendants, Town of Southampton, respondent (and a third-party action).


Fortunato & Fortunato, PLLC, Brooklyn, NY (Louis A. Badolato and Camille A. Fortunato of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Anne C. Leahey of counsel), for respondent.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated May 23, 2018. The order denied the plaintiff's motion pursuant to CPLR 3126 to strike the answer of the defendant Town of Southampton or to deem certain issues resolved in accordance with the plaintiff's claims.
ORDERED that the order is affirmed, with costs.
On June 1, 2013, the plaintiff allegedly was injured when her bicycle struck a defective condition on South Country Road in the Town of Southampton. In August 2013, the plaintiff submitted a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the Town, seeking, inter alia, all permits, complaints, contracts, or other documents concerning South Country Road between Mill Road and Riverview Drive. In September 2013, the plaintiff commenced a proceeding pursuant to CPLR 3102(c) to obtain pre-action disclosure of the items previously requested. The Town responded that it did not possess any permits, contracts, or agreements regarding the area identified in the plaintiff's FOIL request.
In April 2014, the plaintiff commenced an action to recover damages for personal injuries against the Town and another defendant. That action was subsequently consolidated with an action the plaintiff had previously commenced against the alleged manufacturers and distributors of the helmet she was wearing at the time of the accident. On September 25, 2014, the plaintiff served the Town with a combined discovery demand requesting, inter alia, records identifying the entities that performed work at the location of the plaintiff's accident for a period of 10 years prior to the accident. On March 9, 2015, and June 18, 2015, the plaintiff served further notices for discovery and inspection upon the Town.
At his deposition held on December 5, 2017, the Town's Superintendent of Highways [*2]and Commissioner of Public Works (hereinafter the Superintendent) testified that approximately one year after the plaintiff's accident, he conducted a field inspection of the site, and at a later date, using a metal detector, he was able to detect a water main beneath the road's surface. He believed that the Suffolk County Water Authority was responsible for installing the water main.
Thereafter, the plaintiff moved pursuant to CPLR 3126 to strike the Town's answer or to deem that the Town created or had prior written notice of the defect involved in the accident, arguing that the Town failed to timely identify the entity that conducted the construction work at the accident site. In opposition, the Town submitted an affidavit of the Superintendent in which he stated that he discovered the water main beneath the accident site in December 2016. In an order dated May 23, 2018, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
The Supreme Court has broad discretion in supervising disclosure and in resolving discovery disputes (see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1057; Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910; Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739). A court may strike a party's pleading or deem the issues to which the information is relevant to be resolved for purposes of the action in accordance with the movant's claims if the party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126; see HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1057; Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d at 910). However, before a court invokes the drastic remedy of striking a pleading, or even of deeming certain issues resolved in accordance with the movant's claims, there must be a clear showing that the failure to comply with discovery was willful and contumacious (see HSBC Bank USA, N.A. v Oscar, 161 AD3d at 1057; Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d at 910; Zakhidov v Boulevard Tenants Corp., 96 AD3d at 739). Here, the plaintiff failed to demonstrate that the Town did not timely turn over materials that were in its possession and responsive to the plaintiff's discovery requests, or that its submissions in response to the plaintiff's discovery requests were otherwise inadequate (see Giammona v 72 Mark Lane, LLC, 143 AD3d 941, 942; Deer Park Assoc. v Town of Babylon, 121 AD3d 738, 740; Gottfried v Maizel, 68 AD3d 1060, 1061). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion.
We have not considered the plaintiff's arguments improperly raised for the first time in reply papers and which were not addressed by the Supreme Court (see Unger v Coyle, 144 AD3d 668; Marcum, LLP v Silva, 117 AD3d 919, 920; Scotto v Kodsi, 102 AD3d 947, 949).
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court