Neno Cab Corp. v Jackson (2021 NY Slip Op 50721(U))

[*1]

Neno Cab Corp. v Jackson

2021 NY Slip Op 50721(U) [72 Misc 3d 135(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-166 Q C

Neno Cab Corp., Appellant, 
against
Shamar Jackson, Respondent. 

Eppinger, Reingold & Korder (Mitchell L. Korder of counsel), for appellant.
Gentile & Tambasco (Patricia McDonagh of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen
A. Healy, J.), entered July 5, 2018. The order, insofar as appealed from as limited by the brief,
granted defendant's motion to dismiss the complaint.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and
defendant's motion to dismiss the complaint is denied on condition that plaintiff produces its
driver for an examination before trial on the 45th day after the date of this decision and order or,
if the 45th day falls on a weekend or holiday, on the next business day, at the New York City
Civil Courthouse located at 89-17 Sutphin Boulevard, the location set forth in the April 2, 2015
notice to take deposition upon oral examination at 10:00 a.m., or such earlier date and/or such
other time of day and/or such other place as the parties agree to; otherwise, the order, insofar as
appealed from, is affirmed, without costs.
Plaintiff commenced this negligence action to recover for property damage resulting from a
motor vehicle accident on October 31, 2013. Defendant served discovery demands and
subsequently moved to, among other things, preclude plaintiff from testifying on the ground that
plaintiff had failed to respond to his discovery demands. In October 2015, defendant's motion
was granted conditionally, with plaintiff ordered to respond to the discovery demands within 45
days of the date of the order or face preclusion of all requested information that was not
provided. The court further directed defendant, in the event of plaintiff's noncompliance, to "file
an affirmation of non-compliance."
Thereafter, plaintiff moved for summary judgment. By order entered April 18, 2017, the
[*2]motion was denied. In September 2017, defendant moved to,
among other things, preclude plaintiff from testifying at trial for failing to provide its driver for a
deposition. Plaintiff opposed the motion, arguing that the deposition of its driver was waived by
defendant's failure to file an affidavit of noncompliance upon plaintiff's alleged noncompliance
with the 2015 discovery order. By order dated January 30, 2018, the Civil Court (Maureen A.
Healy, J.), among other things, granted the motion to preclude to the extent that, in the event that
plaintiff's driver was not produced for a deposition within 30 days of service of the order upon
plaintiff, plaintiff's driver was precluded from testifying at trial. The order was served upon
plaintiff in February 2018.
By notice of motion dated April 30, 2018, defendant moved to dismiss the complaint on the
ground that plaintiff had violated the court's January 30, 2018 order. Plaintiff cross-moved for
sanctions. Plaintiff's counsel noted that defendant admittedly took no action to schedule
plaintiff's driver's deposition within 30 days of service of the January 30, 2018 order and, thus,
that defendant had waived its right to a deposition. Defense counsel stated that plaintiff's
attorney's office ignored a call made by defense counsel's firm on April 10, 2018 in order to
schedule a deposition. By order entered July 5, 2018, insofar as appealed from as limited by the
brief, the Civil Court (Maureen A. Healy, J.) granted defendant's motion, finding that plaintiff
had not timely complied with the prior order and had offered no excuse for such noncompliance.
Consequently, the court precluded plaintiff's driver from testifying at trial and dismissed the
complaint.
Generally, when a litigant fails to comply with the terms of a conditional order of preclusion,
the terms of that order become absolute (see Lee v Arellano, 18 AD3d 620 [2005]).
However, the burden of establishing noncompliance rests with the party seeking preclusion
(see Goodman, Rackower & Agiato v Lieberman, 260 AD2d 599 [1999]; see
also Deer Park Assoc. v Town of Babylon, 121 AD3d 738 [2014]).
The January 30, 2018 conditional order merely stated that "plaintiff is directed to produce its
driver, Muhammad Yasar, for an examination before trial at a Court reporting service at 89-00
Sutphin Boulevard at 10 AM on a date within 30 days from service upon plaintiff with a copy of
[the January 30, 2018] order." Defendant's assertion that plaintiff failed to appear for an
examination before trial and that plaintiff's counsel never returned a phone call on April 10,
2018, which relied on the hearsay statement by an unnamed employee of defense counsel, was
insufficient to demonstrate that plaintiff had violated the conditional order of preclusion by
willfully and contumaciously failing to have its driver appear for a duly scheduled examination
before trial (see Yong Soon Oh v Hua Jin, 124 AD3d 639 [2015]; Deer Park Assoc. v
Town of Babylon, 121 AD3d at 740; Vaccaro v Weinstein, 117 AD3d 1033 [2014];
Orgel v Stewart Tit. Ins. Co., 91 AD3d 922 [2012]). Defendant's papers failed to establish
that plaintiff was made aware of a specific time and place for its driver to appear for a deposition
(see Cannon v 111 Fulton St. Condominium, Inc., 162 AD3d 838 [2018]; PNC Bank,
N.A. v Campbell, 142 AD3d 1148 [2016]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion to
dismiss the complaint is denied on condition that plaintiff produces its driver for an examination
before trial on the 45th day after the date of this decision and order or, if the 45th day falls on a
weekend or holiday, on the next business day, at the New York City Civil Courthouse located at
[*3]89-17 Sutphin Boulevard, the location set forth in the April 2,
2015 notice to take deposition upon oral examination at 10:00 a.m., or such earlier date and/or
such other time of day and/or such other place as the parties agree to; otherwise, the order,
insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021