Earle v City of New York (2024 NY Slip Op 00408)

Earle v City of New York

2024 NY Slip Op 00408

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-05237
 (Index No. 715822/17)

[*1]Derek Earle, plaintiff-respondent, 
v
City of New York, et al., defendants-respondents, Grace Episcopal Church, appellant, et al., defendant.

Scahill Law Group P.C., Bethpage, NY (Brian M. Hussey of counsel), for appellant.
Friedman & Simon, LLP, Jericho, NY (John G. Papadopoulos of counsel), for plaintiff-respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Ingrid R. Gustafson, Jesse A. Townsend, and Marlena Smith of counsel), for defendant-respondent City of New York.
Anna J. Ervolina (Gallo, Vitucci & Klar, New York, NY [Yolanda L. Ayala], of counsel), for defendant-respondent New York City Transit Authority.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Grace Episcopal Church appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated June 25, 2021. The order, insofar as appealed from, upon renewal, adhered to a prior determination in an order of the same court (Joseph J. Esposito, J.) dated September 16, 2019, denying that defendant's cross-motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order dated June 25, 2021, is affirmed insofar as appealed from, with one bill of costs.
The plaintiff allegedly was injured when, while exiting a New York City Transit Authority bus in front of premises owned by the defendant Grace Episcopal Church (hereinafter the Church), he slipped off the bus steps and fell onto an allegedly broken section of sidewalk. The plaintiff commenced this action to recover damages for personal injuries against, among others, the City of New York, New York City Transit Authority, and the Church. The Church cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, and the Supreme Court denied the cross-motion in an order dated September 16, 2019. In an order dated June 25, 2021, the court, inter alia, upon renewal, adhered to the prior determination denying the Church's cross-motion. The Church appeals from the order dated June 25, 2021.
The Supreme Court, upon renewal, properly determined that the Church failed to establish its prima facie entitlement to judgment as a matter of law. Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City to the abutting property owner (see Vucetovic v [*2]Epsom Downs, Inc., 10 NY3d 517, 521; Gallis v 23-21 33 Rd., LLC, 198 AD3d 730, 731). Here, the Church failed to eliminate triable issues of fact as to the location of the plaintiff's accident and whether it had a duty to maintain the area where the accident allegedly occurred. Contrary to the Church's contention, the court properly considered the plaintiff's testimony at a General Municipal Law § 50-h hearing that he fell on the sidewalk, even though the Church purportedly was not notified of that hearing and was not present for the testimony, because the Church waived its objection to the admissibility of that testimony (see Trigoso v Correa, 150 AD3d 1041, 1044). Contrary to the Church's contention, any inconsistencies in the evidence concerning whether the plaintiff fell on the street or on the sidewalk abutting the Church's property raise issues of fact and credibility that must be resolved by the factfinder (see Serrano v Brook Plaza, LLC, 211 AD3d 549, 549; Camarillo v Sandoval, 90 AD3d 593, 594). Moreover, the Church failed to eliminate triable issues of fact as to whether it is exempt from liability under section 7-210 as a result of the plaintiff's allegation that his accident occurred at a bus stop (see McCormick v City of New York, 165 AD3d 565, 565-566; Bednark v City of New York, 162 AD3d 565, 565-566).
The Church's contentions with respect to the City's failure to respond to the Church's notice to admit are without merit (see Smith v County of Nassau, 138 AD3d 726, 729; 32nd Ave. LLC v Angelo Holding Corp., 134 AD3d 696, 698-699).
The Church's remaining contentions are not properly before this Court.
Accordingly, upon renewal, the Supreme Court properly adhered to the prior determination denying the Church's cross-motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MALTESE, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court